Hearing Date: April 8, 2010
10:00 AM

DANIEL SMIRLOCK
Deputy Commissioner and Counsel
New York State Department of Taxation and Finance

By: Judith Lynne Cohen
District Tax Attorney
1740 Broadway   16th Floor
New York, New York  10019
Tel:  212.459.7900
Fax: 866.527.5341
Judith_Cohen@tax.state.ny.us

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

SHEILA B. RICHARD,   Case No. 10-10193 (MG)
   Chapter 13
Debtor.

-----------------------------------------------------------------x

### OBJECTION OF NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The New York State Department of Taxation and Finance, by Judith Lynne Cohen, District Tax Attorney, hereby submits this OBJECTION to confirmation of the Chapter 13 plan filed by the Debtor in the above-cited proceeding, and respectfully states the following:

1. On January 17, 2010 (the "Petition Date"), Sheila B. Richard, debtor in the above-captioned proceeding (the "Debtor"), filed a petition (the "Petition") for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). See ECF No. 1.

2. On March 18, 2010, the New York State Department of Taxation and Finance (the "Department") filed a secured claim (the "Claim") for prepetition income tax for calendar year 2008 in the amount of $31,048.75, including interest and penalties, designated as Claim No. 10.[1] See Ex. A.

3. The Claim is secured by virtue of a state tax lien on real property belonging to the Debtor. On Schedule D of the Petition, the Debtor asserts that said property had a fair market value of $455,000 on the Petition Date; therefore, the Department's Claim in the amount of $31,048.75 is fully secured. See Ex. B.

4. The Debtor filed a Chapter 13 Plan (the "Plan") on January 17, 2010. See ECF No. 5. The Department objects to confirmation of the Plan because it fails to provide for payment of the Department's secured claim. See Ex. C.

---

[1] Claim No. 10 serves to *amend and supersede* Claim No. 1 filed by the Department on January 27, 2010 in the amount of $30,318.46.

5.     Code section 1325 sets forth the requirements for judicial confirmation of a Chapter 13 plan. See 11 U.S.C. § 1325.

6.     Subsection 1325(a)(1) requires that a Chapter 13 plan satisfy the provisions of Chapter 13 and other applicable Code requirements. See 11 U.S.C. 1325(a)(1). Subsection 1325(a)(5) protects holders of secured claims by requiring, *inter alia*, that "the holder of such claim has accepted the plan." See 11 U.S.C. 1325(a)(5).

7.     Section 651 of the New York State Tax Law (the "N.Y.S. Tax Law"), Article 22, Personal Income Tax, requires that individual taxpayers file personal income tax returns "[o]n or before the fifteenth day of the fourth month following the close of the taxable year." See N.Y.S. Tax Law Art. 22 § 651(a).[2] Section 652 requires individual taxpayers "pay any tax due thereon . . . on or before the date fixed for filing such return." See N.Y.S. Tax Law Art. 22 § 652(a).[3]

---

[2]Section 651(a), Returns and liabilities, provides in relevant part:

> (a) On or before the fifteenth day of the fourth month following the close of the taxable year, an income tax return under this article shall be made and filed by or for:
>   (1) every resident individual (A) required to file a federal income tax return for the taxable year.

N.Y.S. Tax Law Art. 22 § 651(a)(1).

[3]Section 652, Time and place for filing returns and paying tax, provides in relevant part:

> (a) Except as provided in subsection(b) of this section, a person required to make and file a return under this article shall, without assessment, notice or demand, pay any tax due thereon to the commissioner on or before the date filed for filing such return (determined without regard to any extension of time for filing the return).

N.Y.S. Tax Law Art. 22 § 652(a).

8.      The Debtor's New York State personal income tax return for calendar year 2008 was timely filed on April 15, 2009, <u>however</u>, Debtor submitted *part payment* vs. full payment in the amount of $1,500.40 on a total state tax liability of approximately $29,366.  Debtor subsequently submitted partial payments on August 6, 2009, November 15, 2009, and January 15, 2010 (dishonored check), leaving a balance due and owing in the approximate amount of $31,048.75, including interest and penalties.  <u>See</u> Ex. A.

9.      Reading Code section 1325(a)(5) in conjunction with section 652 of the N.Y.S. Tax Law, the Department objects to confirmation of the Debtor's Chapter 13 Plan because it fails to provide for payment of the Department's secured claim for prepetition income tax.

10.     The Department alleges that this Plan Objection does not raise any novel issues of law, and, as such, respectfully requests that this Court waive submission of a Memorandum of Law required by Local Bankruptcy Rule 9013-1(b).

11.     The Department hereby reserves its right to further amend this Objection, and further reserves its right to be heard before this Court and otherwise participate in this proceeding.

**WHEREFORE**, the Department respectfully requests that this Court deny confirmation of the Debtor's Chapter 13 Plan, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of March, 2010,

DANIEL SMIRLOCK
DEPUTY COMMISSIONER AND COUNSEL
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

BY: /s/ Judith Lynne Cohen
Judith Lynne Cohen
District Tax Attorney
New York State Dept. of Taxation and Finance

Dated: March 26, 2010
New York, New York